Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 69154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Telephone: 561-826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jake L. Kemp, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Johnson Mark LLC and LVNV Funding, LLC,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

### Nature of the Action

1.      Jake L. Kemp ("Plaintiff") brings this class action against Johnson Mark, LLC ("JM") and LVNV Funding, LLC ("LVNV") (together, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of Arizona consumers who have been subjected to improper debt collection efforts by Defendants.

2.      By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      That is, the FDCPA aims in part "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

4.      The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

5.      To protect consumers and ensure compliance by debt collectors, the FDCPA is a strict liability statute. *See McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6.      Violations of the FDCPA are assessed under the least sophisticated consumer standard, which is "'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (quoting *Duffy v. Landberg*, 215 F.3d 871, 874-75 (8th Cir. 2000)).

7.      "[B]ecause the FDCPA is a remedial statute aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing debtors, it is logical for debt collectors—repeat players likely to be acquainted with the legal standards governing their industry—to bear the brunt of the risk." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006); *see also FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 393 (1965) ("[I]t does not seem unfair to require that one who deliberately goes perilously close to an area of proscribed conduct shall take the risk that he may cross the line.") (internal quotations omitted).

---

[1]      *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf.

8.    This case centers on Defendants' unfair and unconscionable practice of including language on, or visible through, its debt collection envelopes other than the debt collector's name and address—which language broadcasts the private nature of the debt collection communications to any third parties handling consumers' mail, including mail carriers, family members, friends, and roommates.

## Jurisdiction and Venue

9.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's action occurred in this district, and as Defendants transact business in this district.

## Parties

11.    Plaintiff is a natural person who at all relevant times resided in Maricopa County, Arizona.

12.    Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than JM.

13.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card used for personal and household purchases (the "Debt").

14.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15.    JM is a law firm with headquarters in Salt Lake City, Utah specializing in "civil litigation focusing on debt collection and creditor rights." *See* https://www.jmlaw.com/ (last visited Jan. 21, 2021).

16.    JM boasts "best-in-class work" with "detailed attention to asset finding, skip tracing, and judgment enforcing, with broad collection campaigns and portfolio strategies." *See id.*

17.   JM is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

18.   JM is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff.

19.   Upon information and belief, at the time JM attempted to collect the Debt from Plaintiff, the Debt was in default, or JM treated the Debt as if it were in default from the time that Defendant acquired it for collection.

20.   JM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21.   JM identified itself to Plaintiff as a debt collector in written correspondence to him.

22.   JM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.   LVNV is an entity who acquires debt in default merely for collection purposes.

24.   LVNV acquires defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from consumers for its own profit. *See* https://www.lvnvfunding.com/ (last visited Jan. 21, 2021) ("After charge off, some creditors choose to sell your account to another party. This does not mean the debt goes away. It just means that you now owe the debt to the new owner. You still owe your debt but the new owner is LVNV Funding.").

25.   The principal purpose of LVNV's business is debt collection, and it has no other substantial business purpose except to purchase debts and profit from collected debts.

26.   Upon information and belief, LVNV acquired the Debt after it was alleged to be in default.

27.    LVNV is an entity that, at all relevant times, was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

28.    LVNV is an entity that, at all relevant times, was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff.

29.    LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30.    At all relevant times, JM acted on behalf of LVNV to collect or attempt to collect the Debt from Plaintiff.

**Factual Allegations**

31.    In connection with the collection of the Debt, JM, on behalf of LVNV, sent Plaintiff a written communication dated September 21, 2020.

32.    A true and correct copy of Defendants' September 21, 2020 written communication, including the mailing envelope, is attached as Exhibit A.

33.    Since Plaintiff resides with his girlfriend, there are times when Plaintiff's girlfriend brings in and sorts their mail.

34.    When Plaintiff's girlfriend checked the mail and received JM's September 21, 2020 letter, the following words were visible through the envelope's glassine window: "Our law firm has been retained by our client, LVNV FUN." *See* Ex. A at 4.

35.    At the top left corner of that envelope is JM's corporate logo indicating "Johnson Mark LLC" and "ATTORNEYS AT LAW." *See id.*

36.    The enclosed communication begins, "Our law firm has been retained by our client, LVNV FUNDING LLC, to collect from you the [Debt]." *See id.* at 1.

**Class Action Allegations**

37.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as:

All persons (a) with an address in Arizona, (b) to whom Johnson Mark LLC mailed a debt collection communication, on behalf of LVNV Funding, LLC, not known to be returned as undeliverable, (c) within one year preceding the date of this complaint, (d) in connection with the collection of a consumer debt, (e) whose

envelope revealed through a glassine window: "Our law firm has been retained by our client, LVNV [. . .]."

38.     Excluded from the class are Defendants, their officers and directors, and any entity in which either JM or LVNV has or had a controlling interest.

39.     The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

40.     The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

41.     The proposed class is ascertainable because it is defined by reference to objective criteria.

42.     In addition, the proposed class members are identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendants.

43.     The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

44.     To be sure, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendants—dissemination of form debt collection letters with oversized glassine windows revealing the letters' contents—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

45.     Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

46.     Plaintiff has no interests that are contrary to, or irrevocably in conflict with, the members of the class that he seeks to represent.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

48.     Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

49.     There will be no extraordinary difficulty in the management of this action as a class action.

50.     Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the class.

51.     Among the issues of law and fact common to the class:

    a.   Defendants' violations of the FDCPA as alleged herein;

    b.   Whether Defendants are debt collectors as defined by the FDCPA;

    c.   the availability of statutory penalties; and

    d.   the availability of attorneys' fees and costs.

**Count I: Violation of 15 U.S.C. § 1692f(8)**

52.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 51.

53.     The FDCPA prohibits the use of unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

54.     At 15 U.S.C. § 1692f(8), the FDCPA specifically forbids the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

55.     Importantly, "[section] 1692f(8)'s prohibition on language and symbols applies to markings that are visible through a transparent window of an envelope." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 302 (3d Cir. 2014).

56.    "The text of [section] 1692f(8) is unequivocal. 'Any language or symbol,' except the debt collector's address and, in some cases, business name, may not be included 'on any envelope.'" *Id.* at 303 (citing 15 U.S.C. § 1692f(8)).

57.    Here, Defendants' September 21, 2020 communication to Plaintiff included an envelope with markings for JM's law firm as well as a glassine window allowing the reader to see that JM "has been retained by our client, LVNV FUN." *See* Ex. A at 4.

58.    A quick internet search of "LVNV FUN" leads to LVNV's website, which contains ample information indicating that LVNV is a debt collector that purchases debts to collect for its own profit. *See* https://www.lvnvfunding.com/ (last visited Jan. 3, 2021).

59.    By sending Plaintiff a debt collection letter in an envelope that displayed language other than JM's name and address—and, further, which allows the reader to easily discern the debt collection nature of the communication—JM engaged in unfair and unconscionable means to collect the alleged Debt. *See Donovan v. FirstCredit, Inc.*, --- F.3d ----, 2020 WL 7414643, at *8 (6th Cir. Dec. 18, 2020) (reversing lower court and sustaining section 1692f(8) claims for a debt collection letter "featuring a glassine window through which were visible two unmarked checkboxes followed by the text 'Payment in full is enclosed' and 'I need to discuss this further. My phone number is _____.'").

60.    In addition, by sending Plaintiff a debt collection letter in an envelope that failed to adequately shield its contents from anyone handling the envelope, Plaintiff's girlfriend was able to ascertain that Defendants' September 21, 2020 correspondence was a debt collection letter.

61.    JM thus violated 15 U.S.C. § 1692f(8) by using any language or symbol, other than its address and business name, on an envelope sent to Plaintiff.

62.    And LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of JM—the debt collector it retained to collect the alleged Debt on its behalf.

63.     The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal Debt, and resulted in his private matters being disclosed to a third party (*i.e.*, his girlfriend).

64.     Section 1692f, and section 1692f(8) in particular, furthers the purpose of protecting debtors from abusive debt collection activity by limiting a debt collector from publicly broadcasting the nature of the debt collection activity, which could be an invasion of the consumer's privacy or cause him embarrassment from unnecessary public disclosure of his private financial matters.

65.     The content of Defendants' September 21, 2020 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA in that Defendant's conduct created the risk that Plaintiff's debt, and the fact that he was the target of a debt collector, would be broadcast to third parties.

66.     Worse, that risk of harm materialized here by virtue of Plaintiff's girlfriend receiving Plaintiff's mail at their shared home and ascertaining from Defendants' September 21, 2020 communication that JM was attempting to collect a debt from Plaintiff on behalf of LVNV.

67.      This sharing of his private information with his girlfriend caused Plaintiff to suffer an invasion of his privacy and embarrassment related to the disclosure of this private debt collection matter.

**Count II: Violation of 15 U.S.C. § 1692f**

68.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 51.

69.     The FDCPA prohibits the use of any unfair or unconscionable means to collect debts. *See* 15 U.S.C. § 1692f.

70.     In addition to the non-exhaustive list of conduct that violates the FDCPA, section 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Prof. Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J.

2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

71.    Defendants' September 21, 2020 communication to Plaintiff included an envelope with markings for JM's law firm as well as a glassine window allowing the reader to see that JM "has been retained by our client, LVNV FUN." *See* Ex. A at 4.

72.    A quick internet search of "LVNV FUN" leads to LVNV's website, which contains ample information indicating that LVNV is a debt collector that purchases debts to collect for its own profit. *See* https://www.lvnvfunding.com/ (last visited Jan. 21, 2021).

73.    By sending Plaintiff a debt collection letter in an envelope that displayed language other than JM's name and address—and, further, which allows the reader to easily discern the debt collection nature of the communication—JM engaged in unfair and unconscionable means to collect the alleged Debt.

74.    More specifically, while handling Plaintiff's mail at their shared home, Plaintiff's girlfriend was able to ascertain that Defendants' September 21, 2020 correspondence to Plaintiff was a debt collection letter, due to the markings on the envelope and those visible through its glassine window.

75.    It was unfair and unconscionable for JM to employ such tactics in its collection efforts, leading to Plaintiff's embarrassment over the broadcasting of his private financial matter, including to his girlfriend.

76.    JM thus violated 15 U.S.C. § 1692f.

77.    And LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of JM—the debt collector it retained to collect the alleged Debt on its behalf.

78.    The harm suffered by Plaintiff is particularized in that the violative debt collection letter at issue was sent to him personally, regarded his personal Debt, and resulted in his private matters being disclosed to a third party (*i.e.*, his girlfriend).

79.     Section 1692f furthers the purpose of protecting debtors from abusive debt collection activity by limiting a debt collector from publicly broadcasting the nature of the debt collection activity, which could be an invasion of the consumer's privacy or cause him embarrassment from unnecessary public disclosure of his private financial matters.

80.     The content of Defendants' September 21, 2020 communication created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA in that Defendant's conduct created the risk that Plaintiff's debt, and the fact that he was the target of a debt collector, would be broadcast to third parties.

81.     Worse, that risk of harm materialized here by virtue of Plaintiff's girlfriend receiving Plaintiff's mail at their shared home and ascertaining from Defendants' September 21, 2020 communication that JM was attempting to collect a debt from Plaintiff on behalf of LVNV.

82.     And this sharing of his private information with his girlfriend caused Plaintiff to suffer an invasion of his privacy and embarrassment related to the disclosure of this private debt collection matter.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

a) Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Adjudging and declaring that Defendants violated 15 U.S.C. §§ 1692f(8) and 1692f;

c) Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

d) Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

e) Enjoining Defendant from future violations of 15 U.S.C. §§ 1692f(8) and 1692f with respect to Plaintiff and the class;

f) Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

g) Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 21st day of January, 2021.

By: _s/ Jesse S. Johnson_
Jesse S. Johnson*

* to seek admission *pro hac vice*